UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

JAMES COLEMAN #123431,

        Plaintiff,         Case No. 2:06-cv-33

v.                                Honorable R. Allan Edgar

MICHIGAN DEPARTMENT
OF CORRECTIONS, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983, which was initially dismissed for failure to exhaust administrative remedies. Plaintiff's motion for relief from judgment from this dismissal was granted pursuant to *Jones v. Bock*, 126 S. Ct. 1462 (2006). On July 11, 2007, this Court ordered service of Plaintiff's complaint on Defendants. On October 22, 2007, Defendants MDOC, Caruso, Hofbauer, Mohrman, Paquette, Mohr, Buckner, McCarthy, DeRosie, Armstrong, Lutjens, Tallio, Pokley, Stapleton, Debski, Brown, Napel, and Niemi filed a motion for summary judgment (docket #56) on the ground that Plaintiff failed to exhaust his available administrative remedies. In addition, Defendant CMS filed a motion to dismiss (docket #65) on November 9, 2007, asserting that Plaintiff failed to exhaust administrative remedies and failed to state a claim against Defendant CMS. Plaintiff filed responses (docket #68 and #72) on November 21, 2007, and December 10, 2007. Because both sides have asked that the Court consider evidentiary materials beyond the pleadings, the standards applicable to summary judgment

apply. *See* Fed. R. Civ. P. 12(b). Upon review, I recommend that Defendants' motions for summary judgment be granted.

## **Applicable Standard**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir.), *cert. denied*, 126 S. Ct. 650 (2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir.), *cert. denied*, 126 S. Ct. 338 (2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

A prisoner's failure to exhaust his administrative remedies is an affirmative defense for which Defendants have the burden to plead and prove. *Jones v. Bock*, 127 S. Ct. 910, 919-21 (2007). A moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the

2

moving party has the burden -- the plaintiff on a claim for relief of the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The United States Court of Appeals for the Sixth Circuit repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, a summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

**Facts**

Plaintiff is presently incarcerated at the Alger Maximum Correctional Facility (LMF). In his *pro se* complaint, he sues Defendants Michigan Department of Corrections (MDOC), Patricia Caruso, Warden G. Hofbauer, Thomas Mohrman, Dave Paquet, R. Mohr, Unknown Buckner, Herman Eleby, Unknown Gooseberry, Charlie McCarthy, Todd DeRosie, Jim Armstrong, C. Lutjens, B. Velmer, Pam Pearson, Casey Tallio, Unknown Pokley, Richard Stapleton, E. Debski, Unknown Brown, R. Napel, Steven Niemi and Correctional Medical Services.

Plaintiff claims that Defendants retaliated against him by writing false misconduct tickets, threatening him, assaulting him and denying him needed health care. For relief, Plaintiff requests declaratory and injunctive relief, as well as compensatory and punitive damages.

3

**Discussion**

Defendants claim that they are entitled to summary judgment because Plaintiff failed to exhaust his available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 127 S. Ct. 910, 922-23 (2007); *Woodford v. Ngo*, 126 S. Ct. 2378, 2386 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 127 S. Ct. at 922-23.

MDOC Policy Directive 03.02.130 (effective Dec. 19, 2003)[1], sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint. Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control *Id.* at ¶ R. If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution. *Id.* at ¶¶ R, X. The Policy Directive also provides the following directions for

---

[1] The MDOC amended Policy Directive 03.02.130 on July 9, 2007. However, the 2003 version of the policy directive was in effect at all times applicable to this lawsuit.

completing grievance forms: "The issues shall be stated briefly. Information provided shall be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ T (emphasis in original). The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id.* at ¶ Y.

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within five business days of the response, or if no response was received, within five days after the response was due. *Id.* at ¶¶ R, DD. The respondent at Step II is designated by the policy, *e.g.,* the regional health administrator for a medical care grievances. *Id.* at ¶ FF. If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same appeal form. *Id.* at ¶¶ R, HH. The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶ HH. The Prisoner Affairs Section is the respondent for Step III grievances on behalf of the MDOC director. *Id.* at ¶ II. Time limitations shall be adhered to by the inmate and staff at all steps of the grievance process. *Id.* at ¶ U. "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall be completed within 90 calendar days unless an extension has been approved . . . ." *Id.*

In addition, the grievance policy provides that, where the grievance alleges staff brutality or corruption, the grievance may be submitted directly to Step III. *Id.* at ¶S. In such instances, the grievance must be filed within the time limits prescribed for filing grievances at Step I. *Id.*

In the brief in support of their motion for summary judgment, Defendants MDOC, Caruso, Hofbauer, Mohrman, Paquette, Mohr, Buckner, McCarthy, DeRosie, Armstrong, Lutjens, Tallio, Pokley, Stapleton, Debski, Brown, Napel, and Niemi contend that the events alleged in the complaint occurred while Plaintiff was housed at the Marquette Branch Prison (MBP) and that during this time period Plaintiff filed six grievances through step III.  Defendants attach a grievance inquiry screen in support of this assertion.  (*See* Defendants' Exhibit A.)  A review of the grievances indicates that Plaintiff complained of the following issues: the desire to be paid as a skilled cook, the loss of a job because of a major misconduct ticket, the desire for new shoes with arch supports, the denial of a request for copies, and the denial of medical care.  (*See* Defendants' Exhibits C-H.)  Defendants state that these grievances do not address the issues raised in Plaintiff's complaint.  However, the undersigned notes that although Plaintiff does assert the denial of medical care in his complaint, his grievances regarding this issue fails to specifically identify Defendants Mohrman, Paquette, Mohr, Buckner, McCarthy, DeRosie, Armstrong, Lutjens, Tallio, Pokley, Stapleton, Debski, Brown, Napel and Niemi in this case.  (*See* Defendants' Exhibits G and H.)  However, grievance MBP 05-06-01265-12D1 names the MDOC, the "MDOC Director," and Defendant Hofbauer.  Therefore, the undersigned concludes that Defendants Mohrman, Paquette, Mohr, Buckner, McCarthy, DeRosie, Armstrong, Lutjens, Tallio, Pokley, Stapleton, Debski, Brown, Napel and Niemi are entitled to summary judgment for failure to exhaust administrative remedies.  Plaintiff's claims against Defendants MDOC, Caruso and Hofbauer appear to have been exhausted.

However, the undersigned notes that Plaintiff's claims against Defendants MDOC, Caruso and Hofbauer are based on the mere denial of Plaintiff's grievances or the failure to act.  Liability under Section 1983 must be based on more than merely the right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981); *Monell v. New York City Department of Social*

6

*Services*, 436 U.S. 658 (1978). Thus, Section 1983 liability cannot be premised upon mere allegations of *respondeat superior*. *Monell*, 436 U.S. at 691; *Polk*, 454 U.S. at 325. A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982). *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).

Supervisory officials can be held liable for the acts of their subordinates only if plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and that this failure resulted in a denial or deprivation of plaintiff's federal rights. *See e.g. Leach*, 891 F.2d at 1246; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985). However, the failure of a supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct. *Leach*, 891 F.2d at 1246. Such a claim requires, at a minimum, that the official had knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or predictable. *See e.g. Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992). In addition, plaintiff must show that defendant had some duty or authority to act. *See e.g. Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (lower level official not liable for shortcomings of building); *Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 351 (6th Cir. 1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act); *accord Hall v. Shipley*, 932 F.2d 1147 (6th Cir. 1991). In addition, merely bringing a problem to the attention of a supervisory official is not sufficient to impose such liability. *See Shelly v. Johnson*, 684 F. Supp. 941, 946 (W.D.

Mich. 1987) (Hillman, C.J.), *aff'd* 849 F.2d 228 (6th Cir. 1988). Finally, supervisory liability claims cannot be based on simple negligence. *Leach*, 891 F.2d at 1246; *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd* 915 F.2d 1574 (6th Cir. 1990).

As noted above, Plaintiff has not alleged facts establishing that Defendants Caruso and Hofbauer were personally involved in the activity which forms the basis of his claim. Defendants Caruso and Hofbauer only roles in this action involve the denial of administrative grievances or the failure to act. Defendants Caruso and Hofbauer cannot be liable for such conduct under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), *cert. denied*, 530 U.S. 1264, 120 S. Ct. 2724 (2000). Therefore, the undersigned recommends dismissal of Defendants Caruso and Hofbauer with prejudice.

Furthermore, Defendant MDOC is entitled to summary judgment pursuant to the Eleventh Amendment. Under *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989), a suit against a state, a state agency, or a state official in his official capacity, is not a suit against a "person" under Section 1983. *Id.* Thus, such entities are not subject to suit under 42 U.S.C. § 1983. In addition, it is well established that the Eleventh Amendment bars suit against the State or one of its agencies in federal court unless the state has given express consent, regardless of the relief sought. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (State and Board of Corrections). The State of Michigan has not consented to civil rights suits in the federal courts. *See Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). The Eleventh Amendment therefore bars Plaintiff's claims against the Michigan Department of Corrections.

In support of its motion, Defendant CMS contends that of the six grievances Plaintiff filed regarding his treatment at MBP, only two concerned medical care. Neither of these grievances

name Defendant CMS. Therefore, the undersigned recommends that Defendant CMS be dismissed from this action without prejudice for failure to exhaust administrative remedies.

In addition, Defendant CMS notes that Plaintiff fails to make any factual allegations against Defendant CMS in his complaint. Plaintiff does not contest this assertion in his response to Defendant CMS' motion. As noted by Defendant CMS, Plaintiff fails to allege that Defendant CMS had a policy which caused a deprivation of Plaintiff's Eighth Amendment rights. Defendant CMS asserts that as a private corporation, they cannot be directly liable to Plaintiff under § 1983 unless that liability is premised on some policy that caused the deprivation. *Starcher v. Correctional Medical Services*, 7 Fed. Appx. 459, 465 (6th Cir., Mar. 26, 2001). In *Starcher* the Sixth Circuit held that CMS could not be held vicariously liable for the actions of its agents on a respondeat superior basis. Rather, CMS's liability must be premised on some policy that caused a deprivation of the plaintiff's Eighth Amendment rights. *Starcher v. Correctional Medical Services*, 7 Fed. Appx. 459, 465 (6th Cir., Mar. 26, 2001). Because Plaintiff fails to make such an allegation, his claim against Defendant CMS lacks merit.

Finally, Defendant CMS notes that in Plaintiff's complaint, he fails to identify the nature of his medical need and in what manner Defendant CMS denied him medical care. The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

9

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004). If, however the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In

10

> order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 105-06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer*, 62 F.3d at 154-55; *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

In the grievances filed by Plaintiff regarding health care, he appears to disagree with the medical treatment provided to him. According to the step III grievance response to MBP 05-06-1265-12D1:

> Grievant alleges that he is not receiving medical care because his kites are not being addressed or responded to.
>
> Grievant has been seen and treated for all conditions presented and confirmed. There is no support to his claim that his kited complaints are being ignored.
>
> Grievant's disagreement with the care plan in place does not support his claim that he has been denied care of any kind. If grievant finds the care plan to be ineffective at meeting his needs, he is encouraged to communicate his concerns to health care. In the meantime, he should work with health care to attain the common goal of stable health care for him.

(*See* Defendants' Exhibit G, p. 1.) In response to this assertion, Plaintiff states that after the "confiscation" of Plaintiff's prescribed medication, Defendant CMS intentionally provided Plaintiff with a "cheap substitute medication" which did not work.

The undersigned notes that the Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a

prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976). Where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976); *see also*, *Brock v. Crall*, No. 00-5914, 2001 WL 468169, at *2 (6th Cir. Apr. 27, 2001); *Jones v. Martin*, No. 00-1522, 2001 WL 223859, at *1 (6th Cir. Feb. 28, 2001); *Williams v. Mattson*, No. 99-1796, 2000 WL 924145, at *1 (6th Cir. June 28, 2000); *Davis v. Ulep*, No. 97-2124, 1999 WL 98390, at *1 (6th Cir. Jan. 29, 1999); *Cain v. Huff*, No. 96-1613, 1997 WL 377029, at * 4 (6th Cir. July 2, 1997); *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at * 2 (6th Cir. Apr. 4, 1997). Accordingly, the undersigned concludes that Plaintiff's Eighth Amendment claim against Defendant CMS lacks merit.

Finally, the undersigned notes that Defendants Eleby, Velmer, Gooseberry and Pearson remain unserved. A review of the record reveals that summons were returned unexecuted on these Defendans on August 17, 2007. Therefore, should the Court adopt the Report and Recommendation in this case, Defendants Eleby, Velmer, Gooseberry and Pearson are property dismissed.

**Recommended Disposition**

For the foregoing reasons, I recommend that Defendants' motions for summary judgment (docket #56 and #65) be granted. As noted above, Defendants MDOC, Hofbauer and Caruso are properly dismissed with prejudice. In addition, Defendants Mohrman, Paquette, Mohr, Buckner, McCarthy, DeRosie, Armstrong, Lutjens, Tallio, Pokley, Stapleton, Debski, Brown, Napel, Niemi and CMS are properly dismissed without prejudice for failure to exhaust administrative remedies. Alternatively, Defendant CMS may be dismissed from this action with prejudice because

Plaintiff has failed to show the existence of a genuine issue of material fact regarding his Eighth Amendment claims against Defendant CMS.  Finally, Defendants Eleby, Velmer, Gooseberry and Pearson are properly dismissed for lack of service, dismissing the case in its entirety.


                    /s/ Timothy P. Greeley
                    TIMOTHY P. GREELEY
                    UNITED STATES MAGISTRATE JUDGE

Dated:   August 29, 2008


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).